The Honorable Denny Altes State Representative 8600 Moody Road Fort Smith, AR 72903
Dear Representative Altes:
This is in response to your request for an opinion on the following questions:
 1. Is the administrator of a condominium allowed to charge a different fee for each resident?
 2. Does the law require 100% approval of the homeowners for the reestablishment of regimes, changing boundary lines or changing the building plans of condominiums or time share property?
 3. Can the administration of a condominium sell land without 100% approval of the homeowners?
RESPONSE
The co-owners of property constituted and established as a horizontal property regime under the Horizontal Property Act (A.C.A. § 18-13-101 et seq. (1987 Supp. 1999)) share pro-rata, according to certain percentages, in the administration and maintenance expenses of the regime. This percentage is based upon a valuation of individual "apartments" (e.g., condominiums). The master deed reestablishing a regime would be executed by the co-owners of the property making up the regime. Although the Act is not explicit in stating that all of the co-owners must approve any changes in the boundary lines or building plans or any sale of land, the administration generally lacks authority to sell the common areas of the regime.
Question 1 — Is the administrator of a condominium allowed to charge adifferent fee for each resident?
The answer to this question is "yes," assuming that the fee in question is for the payment of the so-called "common expenses" and that the residential units have different values. The common expenses are the expenses of administration and of maintenance and repair of the common elements of the regime. See A.C.A. § 18-13-116 (Supp. 1999). The co-owners share pro-rata in these expenses according to percentages representing the value of the individual unit in relation to the value of the property as a whole. See A.C.A. §§ 18-13-112 and — 116. Presumably, therefore, the fees will vary with the varying percentages. The percentage must, however, be stated in the master deed at the time the regime is established, and it "shall not be altered without the acquiescence of the co-owners representing all the apartments of the building." A.C.A. § 18-13-112 (b) (1987).
Question 2 — Does the law require 100% approval of the homeowners for thereestablishment of regimes, changing boundary lines or changing thebuilding plans of condominiums or time share property?
If this refers to the "reestablishment" of a horizontal property regime subsequent to a waiver or merger of a previous regime, as authorized in A.C.A. § 18-13-107, then it is clear that the procedures for establishing a regime would be applicable and that the owner or owners of the property making up the regime would execute the master deed in accordance with A.C.A. § 18-13-104. In this sense, therefore, i.e., to the extent that the co-owners must execute the deed, it may be said that 100% approval is required.
In the case of changing boundary lines or building plans, the particular context of the question may have to be considered. No specific facts have been provided in this regard. As to property that has been submitted to and included in the regime, it may well be that any changes will require approval of the co-owners. The master deed and/or the bylaws would probably have to be considered, however, before resolving this issue.
It should perhaps also be noted in this regard that the Horizontal Property Act specifically provides for the addition of buildings "in excess of those for which specific plans are initially recorded with the master deed." A.C.A. § 18-13-106 (a). The plans relating to any such additional buildings "shall reflect . . . [a] general description of any rights in the common elements . . .," as well as a date for amending the master deed to record the "final detailed plans." Id. at subsection (b) (3) and (4). With regard to any such additions, i.e., as to any such property that has not yet been added to the regime, it seems that changes affecting boundary lines or building plans could be made prior to the final filing without the co-owners' approval. Again, however, the specific factual context of this question would have to be considered in order to make any conclusive determination.
Question 3 — Can the administration of a condominium sell land without100% approval of the homeowners?
The sale of land is not specifically addressed in the Horizontal Property Act. The correspondence attached to your request suggests, however, that this refers to common property in the regime. It is difficult, in the absence of specific facts, to thoroughly assess the homeowners' rights in this regard. But as a general matter, the co-owners in a horizontal property regime have an undivided interest in the "common elements." A.C.A. § 18-13-114 (1987). See also A.C.A. § 18-13-112 (stating that an owner has a "common right to a share, with the other co-owners, in the common elements of the property.") This undivided ownership interest would seemingly preclude any sale without 100% approval of the co-owners.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh